1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| PALMCHIP CORPORATION, *et al.* | Case No. 13-1567-MRP (SPx) |
| Plaintiffs, | Judge:  Hon. Mariana R. Pfaelzer |
| vs. | **JOINT STIPULATED PROTECTIVE ORDER** |
| RALINK TECHNOLOGY CORPORATION *et al.*, | Date Action Filed:  August 30, 2013<br>Trial Date:  None Set |
| Defendants. | |

## I.    PURPOSES AND LIMITATION

Disclosure and discovery activity in this Action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this Action would be warranted.

The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  This Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

## II.    SCOPE

1.    The protections conferred by this Protective Order cover not only Protected Material (as defined below), including Source Code (as defined below), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

2.    This Protective Order shall apply to the parties and any non-party who may be subject to this Protective Order.

3.    This Protective Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations, over which they have control.

### III. DURATION

4.      Even after final disposition of this action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

### IV. DEFINITIONS

5.      Action:  the instant litigation, Palmchip Corporation v. Ralink Technology Corporation (Taiwan), et al., Case No. 13-1567-MRP (SPx) (C.D. Cal.).

6.      Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

7.      "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

8.      Counsel (without qualifier): Outside Counsel and House Counsel, as well as their immediate support staffs.

9.      Designated House Counsel: House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

10.      Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - SOURCE CODE."

11.     <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

12.     <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the Action who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action, and who is not a past or current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party.

13.     <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u> <u>Information or Items</u>: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

14.     <u>"HIGHLY CONFIDENTIAL – SOURCE CODE" Information or</u> <u>Items</u>: Source Code designated "HIGHLY CONFIDENTIAL – SOURCE CODE" by a Producing Party.

15.     <u>"HIGHLY CONFIDENTIAL" Material</u>: any Disclosure or Discovery Material that is designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

16.     <u>House Counsel</u>: attorneys who are employees of a Party or of a corporate parent owning 100% of a Party, as well as their immediate support staff. House Counsel does not include Outside Counsel of Record or any other outside counsel.

17.     <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

18.     <u>Outside Counsel</u>: attorneys who are not employees of a Party but who represent a Party in this Action, as well as their immediate support staff.

19.     Party: any party to this Action, including all of its officers, directors, employees, consultants, trustees, authorized agents, Experts, House Counsel, and Outside Counsel (and their respective immediate support staffs).

20.     Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this Action.

21.     Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

22.     Receiving Party: a Party that inspects or receives Disclosure or Discovery Material from a Producing Party.

23.     Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

24.     Source Code: human-readable programming language text that defines software, firmware, or electronic hardware descriptions and/or instructions.  Source Code includes, without limitation, computer code, scripts, assembly, object code, source code listings and descriptions of source code, object code listings and descriptions of object code, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software. Source Code further includes, but is not limited to: (1) printed documents that contain or refer to selected Source Code components; (2) electronic communications and descriptive documents, such as emails, design documents and programming examples, which contain or refer to selected Source Code components, the disclosure of which would create a substantial risk of serious harm that could not be avoided by less restrictive means; (3) electronic Source Code documents that reside in a Source Code repository from which software and related data files may be

compiled, assembled, linked, executed, debugged and/or tested; and (4) transcripts, reports, video, audio, or other media that include, quote, cite, describe, or otherwise refer to Source Code, Source Code files, and/or the development thereof.  Source Code may further include, but are not limited to, documents containing Source Code in "C", "C++", Java, Java scripting languages, assembler languages, command languages and shell languages.  Source Code may further include "header files," "make" files, project files, link files, and other human-readable text files used in the generation, compilation, translation, and/or building of executable software, including software intended for execution by an interpreter.

## V.   DESIGNATING PROTECTED MATERIAL

**25.   Exercise of Restraint and Care in Designating Material for Protection**. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.  If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

26. **Manner and Timing of Designations**. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Order requires:

(a)     for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL" Material. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s)

(e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b)    for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted.  When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted.  Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Protective Order.  Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(c)    <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

(d)    for information produced on a CD-ROM, designation shall be made by visibly marking the CD-ROM as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

27. **Inadvertent Failures to Designate**.  If, through inadvertence, a Producing Party provides any information pursuant to this Action that qualifies under the appropriate standards as Protected Material, without marking such information as Protected Material, the Producing Party may subsequently inform the Receiving Party of the protected nature of the disclosed information, and the Receiving Party shall treat the disclosed information as if it had been initially designated as Protected Material upon receipt of written notice from the Producing Party. To the extent the Receiving Party has already disclosed such information, such disclosure does not violate this Protective Order, but the Receiving Party shall make reasonable efforts to promptly collect any copies of disclosed material that have been provided to individuals other than those authorized under this Protective Order, and shall destroy or return them to the Producing Party.

## VI.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

28. **Timing of Challenges**. Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the action, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

29. **Meet and Confer**. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith

and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

30.    **Judicial Intervention**. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation.  In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges and those made for an improper

purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

## VII. ACCESS TO AND USE OF PROTECTED MATERIAL

31. **Basic Principles**. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the action has been terminated, a Receiving Party must comply with the provisions of paragraph 55 below (Final Disposition). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

32. **Disclosure of "CONFIDENTIAL" Information or Items**. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this action and who have signed the "Agreement of Confidentiality" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this action and who have signed the "Agreement of Confidentiality" (Exhibit A);

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this action and who have signed the "Agreement of Confidentiality" (Exhibit A);

(d)     the court and its personnel;

(e)     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this action and who have signed the "Agreement of Confidentiality" (Exhibit A);

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement of Confidentiality" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

33.     **Disclosure of "HIGHLY CONFIDENTIAL" Material**.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this action and who have signed the "Agreement of Confidentiality" that is attached hereto as Exhibit A;

(b)     Experts retained by Outside Counsel for a Receiving Party, the Experts having been approved under the following three paragraphs of this Protective Order.

(i)     Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party retaining an Expert ("Sponsoring Party") must: (1) provide the Expert with a copy of this Protective Order, (2) explain its terms, and (3) obtain the written agreement of the Expert, in the form of Exhibit A hereto, to comply with and be bound by the terms of this Protective Order.  Before providing "HIGHLY CONFIDENTIAL" Material to an Expert, the Party seeking to disclose the information to an Expert shall identify the Expert to the Producing Party in writing and provide the Producing Party with (a) an executed Exhibit A, and (b) a written statement setting forth the Expert's residential address, business address, employer, job title, curriculum vitae, past or present association with any Party, and full employment history, including but not limited to a list of litigation matters for which the Expert has provided any professional services.[1]

(ii)     Five (5) court days following the identification specified in Subparagraph (i) (hereinafter "the Identification"), the Sponsoring Party may disclose the "HIGHLY CONFIDENTIAL" Material to the identified Expert unless said Sponsoring Party receives a written objection to the Identification, served by facsimile or electronic mail.  Any such objection must set forth in detail the grounds on which it is based.   Failure to object within five (5) court days of the identification shall be deemed a waiver of the objection.  If the Sponsoring Party receives such an objection within five (5) court days of the Identification, the Expert shall be barred from access to any "HIGHLY CONFIDENTIAL" Material

---

[1]   If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

1  for twenty-one (21) calendar days commencing with the receipt by the Producing

2  Party of a copy of the executed Exhibit A and accompanying information required

3  in Subparagraph (i) above.

4              (iii)    If within said twenty-one (21) calendar days, the Parties

5  are unable to resolve their differences and the opposing Party moves for a further

6  protective order preventing disclosure of "HIGHLY CONFIDENTIAL" Material to

7  the identified Expert, then the "HIGHLY CONFIDENTIAL" Material shall not be

8  provided to said Expert except by further order of the Court.  Any such motion by

9  the opposing Party must describe the circumstances and reasons for objection,

10  setting forth in detail the reasons for which the further protective order is

11  reasonably necessary, assessing the risk of harm that the disclosure would entail,

12  and suggest any additional means that might be used to reduce that risk.  In

13  addition, any such motion must be accompanied by a competent declaration

14  describing the parties' efforts to resolve the matter by agreement (i.e., the extent

15  and the content of the meet and confer discussions) and setting forth the reasons

16  advanced by the Designating Party for its refusal to approve the disclosure.  The

17  Party opposing the disclosure to said Expert shall bear the burden of proving that

18  the risk of harm that the disclosure would entail (under the safeguards proposed)

19  outweighs the seeking Party's need to disclose the "HIGHLY CONFIDENTIAL"

20  Material to said Expert.

21           (c)    the court and its personnel; and

22           (d)    court reporters and their staff, professional jury or trial

23  consultants, and Professional Vendors to whom disclosure is reasonably necessary

24  for this action and who have signed the "Agreement of Confidentiality" (Exhibit

25  A).

26       **34.**    **Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS'**

27  **EYES ONLY" Material to the Author or Other Prior Recipient or Custodian**.

28  Material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

(**but not** Material designated "HIGHLY CONFIDENTIAL – SOURCE CODE") may also be disclosed to the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

35.   **Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Material to Designated House Counsel**.  Material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (**but not** Material designated "HIGHLY CONFIDENTIAL – SOURCE CODE") may also be disclosed to Designated House Counsel of the Receiving Party (1) who has no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this action, (3) who has signed the "Agreement of Confidentiality" (Exhibit A), and (4) for whom (unless otherwise ordered by the court or agreed to in writing by the Designating Party) the Party that seeks to disclose the information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this paragraph has made a written request to the Designating Party that (a) sets forth the full name of the Designated House Counsel and the city and state of his or her residence, and (b) describes the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if the Designated House Counsel is involved, or may become involved, in any competitive decision-making.

**VIII.  ADDITIONAL PROVISIONS REGARDING MATERIAL DESIGNATED "HIGHLY CONFIDENTIAL – SOURCE CODE"**

36.   **Production of Source Code.**  Protected Material designated as HIGHLY CONFIDENTIAL – SOURCE CODE shall be produced by the Producing Party as set forth below:

(a)   The Producing Party shall provide for inspection a single copy of Source Code in electronic, native form, accessible via a non-networked desktop computer with a stand-alone mouse, stand-alone keyboard and two attached 24-

inch, or larger, monitor screens ("Reviewing System").  The Reviewing System shall be password protected and supplied by the Producing Party.

(b)     The Reviewing System will be made available in a "Source Code Review Room" at Producing Party's Outside Counsel's offices during the hours of 8 and 6 Monday to Friday. The Source Code Review Room shall have easy, unfettered access to suitable restroom and kitchen facilities.

(c)     No electronic copies or electronic images (including PDFs or photographs) of Source Code shall be made without the agreement of the Producing Party or further order of the Court.

(d)     A Receiving Party shall be allowed to ask for copies of a reasonable number of pages of hard (non-electronic) copies of those portions of Source Code that it, in good faith, considers necessary to the preparation of its case. Producing Party shall print those copies, and copies for itself, and allow them to be removed from the premises of Producing Party's Outside Counsel unless it believes that the number of pages requested is not reasonable. In considering what is reasonable, Receiving Party shall not, in general, ask that more than 200 consecutive pages of code—with a page being one that has at least 35 lines of code—be printed.  In the event that Producing Party believes that a particular printing request is unreasonable, the Producing Party and Receiving Party shall meet and confer in good faith to attempt to resolve this dispute without the Court's involvement.  If they cannot resolve the issue, either Party may seek an order from the Court.

(e)     No additional copies of hard (non-electronic) copies of Source Code or portions of Source Code shall be made without the agreement of the Producing Party, regardless of whether such Source Code was initially produced in hard-copy format or whether such hard copies were made pursuant to the preceding sub-Paragraph. Notwithstanding the foregoing, nothing in this sub-Paragraph shall prevent a Party from making such additional hard copies of Source Code as are

necessary for use as exhibits at trial, in depositions, or attached to court papers or expert reports in the Action. Such papers shall be subject to the requirements of Paragraph 26 herein, and all other protections applicable to materials designated HIGHLY CONFIDENTIAL - SOURCE CODE.

(f)     The Producing Party will provide the copies on paper pre-labeled with the proper Bates labeling and the HIGHLY CONFIDENTIAL - SOURCE CODE confidentiality designation.

(g)     All such copies shall be kept in a secured, locked area in the office of the Receiving Party's Outside Counsel or their expert.

(h)     Any printed pages of such copies may not be photocopied, digitally imaged or otherwise duplicated. Under no circumstances is Source Code to be copied or transmitted in electronic form without the prior written authorization of the Producing Party.

37.     **Limited Access.**  With respect to all Source Code marked as "HIGHLY CONFIDENTIAL - SOURCE CODE" by the Producing Party, such information shall be kept confidential and shall not be disclosed to any person not authorized to receive the information under the terms of this Protective Order. Unless by further order of this Court or by subsequent written agreement of the Producing Party, access to a Reviewing System containing materials marked as "HIGHLY CONFIDENTIAL - SOURCE CODE" shall be restricted to the individuals set forth in Paragraph 33(a)-(d), above, with the further limitation that no more than three Experts (approved in accordance with Paragraph 33(b)) shall be granted such access.

38.     **Software Installation.**    The Producing Party shall install on the reviewing system the source code to be reviewed, and a reasonable number of software reviewing tools that are supplied by the Receiving Party ("Reviewing System").  Receiving Party shall have the ability to ask Producing Party questions about the installation and configuration of the reviewing tools as well as reasonable

requests about the operation of the tools in relation to Producing Party's code. Producing Party will make reasonable attempts to provide answers to questions.  In the event that Receiving and Producing Party are not able to work out issues regarding the configuration and installation of the reviewing tools, Receiving Party may also utilize the assistance of a 3rd party technician in this regard and said technician will not be counted as a reviewing expert.  If the Parties are unable to agree on the installation of software tools, they may seek an Order from the Court after making a good faith effort to resolve their dispute.  The Receiving Party may request that a Reviewing System be made available at trial and depositions and the Producing Party shall not unreasonably deny such a request.

39.   **Depositions.**  Any person may be examined as a witness at trial or during a deposition concerning any Source Code which that person had lawfully received or authored prior to and apart from the Action.  During examination, any such witness may be shown Source Code by a Party that appears on its face, or from other documents or testimony, to have been received from or authored by that witness or communicated to that witness.  At any deposition session, upon any inquiry with regard to the content of a document marked HIGHLY CONFIDENTIAL - SOURCE CODE, or when counsel for a person (Party or non-party) deems that the answer to a question may result in the disclosure of HIGHLY CONFIDENTIAL - SOURCE CODE  information of his or her client within the meaning of this Protective Order, counsel for the person whose HIGHLY CONFIDENTIAL - SOURCE CODE information is involved may request that all persons other than the reporter, counsel, and individuals authorized under this Protective Order, leave the deposition room during the confidential portion of the deposition.  The failure of such other persons to comply with a request to leave the deposition shall constitute substantial justification for counsel to advise the witness that he or she need not answer the question.

40.     **Access Log.**  The Receiving Party shall maintain a Source Code Access Log identifying each and every time Source Code is viewed: (i) the name of each person who viewed the Source Code; (ii) the date of access; and (iii) whether any, and if so what, portion of the Source Code was copied. The Producing Party shall be entitled to a copy of the log upon two (2) days' advance notice to the Receiving Party. All persons to whom the paper copies of the Source Code were provided must certify in writing that all copies of the Source Code were returned to the Producing Party's counsel and that they will make no use of the Source Code or of any knowledge gained from the Source Code in any future endeavor.

41.     **No Electronic Communication or Photographic Devices.**  No recordable media or recordable devices, including without limitation sound recorders, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code Review Room.  A reviewing individual shall be allowed to bring a laptop computer into the Source Code Review Room solely to take notes. Producing Party will provide a lockable cabinet or drawer (within hearing distance of and with easy, unfettered access from, the Source Code Review Room) in which a reviewing individual may store his or her cellular telephone and other personal items not allowed in the Source Code Review Room.

## IX.     OTHER PROVISIONS

42.     **Protected Material Subpoenaed or Ordered Produced in Other Litigation.**  If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

43. **A Non-Party's Protected Material Sought to be Produced in This Litigation.**

(a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE." Such information produced by Non-Parties in connection with this action is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the

Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

      1.    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

      2.    promptly provide the Non-Party with a copy of the Protective Order in this action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

      3.    make the information requested available for inspection by the Non-Party.

    (c)    If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

    44.   **Unauthorized Disclosure of Protected Material.**  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Agreement of Confidentiality" that is attached hereto as Exhibit A.

45.     **Inadvertent Production of Privileged or Otherwise Protected Material.**  When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the protective order submitted to the court.

46.     **No Limitation of Other Rights**. This Protective Order shall be without prejudice to the right of any party to oppose production of any information on any legitimate grounds other than confidentiality. Further, nothing in this Protective Order prevents a party from disclosing its own documents and information as it sees fit.

47.     **Relief from Modification, or Enforcement.**  This Protective Order shall not prevent any party or interested member of the public from applying to the Court for relief there from, or from applying to the Court for further or additional protective orders, or from agreeing among themselves to modify or to vacate this Protective Order, subject to the Court's approval. The Court retains jurisdiction even after termination of this action to enforce this Protective Order and to make such amendments, modifications, deletions, and additions to this Protective Order as the Court may from time to time deem appropriate.

48.     **Attorney Advice to Client.**  This Protective Order shall not bar any attorney, in the course of rendering advice to his or her client with respect to this Action, from conveying to any party client opinions based on counsel's review of protected documents produced or exchanged under this Protective Order; however,

in rendering such advice and otherwise communicating with the client, the attorney shall not disclose any protected document where the disclosure would be contrary to the terms of this Protective Order.

49.     **Producing Party's Rights**. The terms of this Order shall in no way affect a Producing Party's right to (i) withhold information on grounds of immunity from discovery such as, for example, attorney/client privilege, or the work-product doctrine, or (ii) reveal or disclose to anyone any documents or information marked by said Producing Party pursuant to this Protective Order.  Disclosure by a Producing Party shall not affect any designation so long as the disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information.

50.     **Right to Further Relief**. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

51.     **Right to Assert Other Objections**. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

52.     **Prosecution Bar.**  "HIGHLY CONFIDENTIAL" Material is automatically designated as subject to a prosecution bar.  Any person who receives such Material shall refrain from prosecuting or preparing any patent application, or having any substantive involvement in the prosecution or preparation of any patent application, on behalf of any party to this Action or third-party relying on information and concepts disclosed in the "HIGHLY CONFIDENTIAL" material, from the time of receipt of such information through and including two (2) years following the entry of a final non-appealable judgment or order or the complete settlement of all claims against all parties in this Action. These prohibitions, however, will not preclude participation by such person in any reissue, interference,

reexamination or other Patent Office proceedings so long as such person has no involvement in drafting, editing, approving or amending claim language. Such person may be involved in other activities such as reviewing, drafting or editing briefs, correspondence, or other materials in any reissue, interference, reexamination or review proceeding. In addition, no prohibition set forth in this Paragraph shall apply to or result from any information  that such person had lawfully received or authored prior to and apart from the Action.  Furthermore, the prohibitions set forth in this Paragraph shall apply to Experts (identified pursuant to Paragraphs 12 and 33(b)herein) except to the extent such Experts file or have filed patent application( s) based on their own research in their field of expertise, provided no information learned in this Action is used in connection with the prosecution of such patent application(s).  By agreeing to be bound by this Protective Order, any Expert identified pursuant to Paragraphs 12 and 33(b) expressly agrees that any patent issued from a patent application found to have used a party's  information and concepts disclosed in the Protected Information shall not be enforceable against the Producing Party, its successors, or its affiliates, regardless of whether such use was deliberate or inadvertent.

53.    **Export Control**. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.]

54.    **Filing Protected Material**. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal

pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court.

55.   **Final Disposition**.  At the conclusion of this Action, all Protected Material furnished pursuant to this Protective Order, and all copies thereof, shall be either (i) destroyed or (ii) returned to the attorneys of record for the Producing Party at the Receiving Party's expense. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  The Producing Party shall make this election within thirty (30) days after the final disposition of this action, as defined in paragraph 4. Within ten (10) days of the election, the Receiving Party shall either return the information or notify counsel for the Producing Party, in writing, that all Protected Material subject to this Protective Order has been destroyed.  However, the provisions of this Protective Order insofar as it restricts the disclosure, communication of, and use of, Protected Material produced hereunder shall continue to be binding after this action concludes. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in paragraph 4 (DURATION).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORDER**

**GOOD CAUSE APPEARING**, the Court hereby approves this Protective Order. **IT IS SO ORDERED.**

Dated: September 19, 2014

_____

**THE HON. MARIANA R. PFAELZER**

25   Case No. 13-1567-MRP (SPx)

1

2

**EXHIBIT A**

3

4

5

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

6

7

8

9

10

11

12

13

PALMCHIP CORPORATION, *et al.*

Plaintiffs,

vs.

RALINK TECHNOLOGY
CORPORATION *et al.*,

Defendants.

Case No. 13-1567-MRP (SPx)

Judge:  Hon. Mariana R. Pfaelzer

**AGREEMENT OF
CONFIDENTIALITY**

Date Action Filed:  August 30, 2013
Trial Date: None Set

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**AGREEMENT OF CONFIDENTIALITY**

I certify that I have read the Protective Order ("Order") entered in this action by the United States District Court for the Central District of California.  I understand the terms of the Order, acknowledge that I am bound by the Order's terms, and agree to comply with those terms.

The undersigned further acknowledges that a violation of this Order could subject the parties to irreparable injury for which money damages would be an inadequate remedy and, therefore, agrees that, in addition to any other available remedies, injunctive relief shall be available to restrain any violations of the Protective Order.  The undersigned further acknowledges that any disclosure by the undersigned of "HIGHLY CONFIDENTIAL" Material  or information obtained from it to any person not approved by the Producing Party under the terms of this Order, or otherwise authorized by the court, to receive it, will subject the undersigned to potential contempt proceedings.  This does not mean that the

undersigned may not discuss, with such individuals, conclusions reached based on review of "HIGHLY CONFIDENTIAL" Material, such as whether an accused product infringes.

This Agreement shall be construed in all respects according to the internal laws of the State of California, without giving effect to principles of conflict of laws that would direct the application of the law of another jurisdiction.

I consent to the personal jurisdiction of United States District Court for the Central District of California, for any proceeding involving the enforcement of the Order.  Further, I understand that the Court may impose sanctions should it find that I violated the Order.

DATED _____        BY: _____
                                   Signature

                                   _____
                                   Title/Affiliation

                                   _____
                                   Address

                                   _____
                                   City, State, Zip

                                   _____
                                   Telephone Number